UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK DECICCO,

                              Plaintiff,                    9:07-cv-1030
                                                                           (GLS/RFT)

                 v.

ROBERT E. ERCOLE,

                              Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Mark De Cicco
Pro Se
05-A-0017
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

**FOR THE DEFENDANT:**
HON. ERIC T. SCHNEIDERMAN      FREDERICK H. WEN
New York State Attorney General      Assistant Attorney General
New York Office
120 Broadway
New York, NY 10271

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Mark De Cicco[1] brings this Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254, alleging that his current confinement in state custody is in violation of his federal constitutional rights. (Compl., Dkt. No. 1.) De Cicco bases his *habeas* petition on the following grounds: (1) ineffective assistance of counsel; (2) insufficient evidence to support his conviction; (3) the verdict was against the weight of the evidence; (4) the sentence was excessive; and (5) the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963). (Compl., Dkt. No. 1; Dkt. No. 32 at 1-2.) In a Report-Recommendation (R&R) dated December 22, 2010, Magistrate Judge Randolph F. Treece recommended that De Cicco's *habeas* petition be denied.[2] (Dkt. No. 32.) Pending are De Cicco's objections to that R&R.[3] (Dkt. No. 35.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Background

In 2004, De Cicco was found guilty of Sodomy in the First Degree

---

[1] Because plaintiff's name is spelled multiple ways in different filings, the court uses the spelling–De Cicco–offered by plaintiff himself.

[2] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

[3] The court will consider De Cicco's untimely objections.

2

(N.Y. Penal Law § 130.50(2)), Sodomy in the Third Degree (N.Y. Penal Law § 130.40(2)) and Endangering the Welfare of a Child (N.Y. Penal Law § 260.10(1)) pursuant to a jury trial.  (Dkt. No. 32 at 2.)  On March 1, 2007, the New York State Appellate Division, Third Judicial Department denied De Cicco's appeal and on May 4, 2007, his application for leave to appeal was denied.  *People v. DeCicco*, 38 A.D.3d 937 (3d Dep't. 2007) *lv. denied*, 8 N.Y.3d 983 (2007).

### III.  Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.  If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.*

### IV.  Discussion

De Cicco's objections are limited to Judge Treece's recommendation

3

that the claims of ineffective assistance of counsel underlying his *habeas* petition be denied.[4]  (*See* Dkt. No. 35.)  In his objections, De Cicco primarily reiterates the same factual and legal assertions contained in his initial claim.  (Dkt. No. 35.)  Treating these factual rehashings as specific objections, the court reviews them *de novo.*  The remainder of Judge Treece's recommendations are reviewed for clear error.  Upon a combined review, the court adopts Judge Treece's R&R in its entirety.

De Cicco first argues that his trial counsel was ineffective for failing to file a subpoena *duces tecum* to obtain a check purportedly written to De Cicco by the victim's father.  (Dkt. No. 35.)  De Cicco alleges that the check was remuneration for the burglarization of his home by the victim, and that it shows motive on the part of the victim to fabricate charges against De Cicco.  (*Id.*)  Unlike the ineffective assistance claim discussed below, De Cicco failed to raise the instant allegation before the state courts.  (Dkt. No. 32 at 11.)

For a state prisoner to bring a valid *habeas* petition, he must first

---

[4] While De Cicco's *habeas* petition alleges three separate grounds for ineffective assistance of counsel, he objects only to Judge Treece's recommendations of denial relating to two of those grounds.  (*See* Dkt. No. 35.)  Accordingly, Judge Treece's recommendation that De Cicco's claim of ineffective assistance based on his counsel's failure to obtain a more specific date for the offenses alleged is reviewed for clear error.

4

show that he has "exhausted the remedies available in the courts of the State; or that there is either an absence of available State corrective process; or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)). Where the petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas" review. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Sweet v. Bennett*, 353 F.3d 135, 139 (2d Cir. 2003).

In New York, a state court must "deny a motion to vacate a judgment based on a constitutional violation where the defendant unjustifiably failed to argue the constitutional violation on direct appeal despite a sufficient record." *Id.* (citing N.Y. Crim. Proc. Law § 440.10(2)(c)). Petitioners are entitled to "one (and only one) appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals." *Aparicio*, 269 F.3d at 91 (citing N.Y. Crim. Proc. Law § 450.10(1); N.Y. Ct. R. § 500.10(a)).

While De Cicco raised a claim of ineffective assistance of counsel

5

on direct appeal before the Third Department, he made no mention of his trial counsel's failure to obtain a check purportedly written to him by the victim's father. (Dkt. No. 32 at 11.) This issue could have been raised by De Cicco on direct appeal, however, as evidenced by his explicit reference to the check on the trial record. (Dkt. No. 32 at 12.)

Because De Cicco could not now file a second appeal with the Third Department, his ineffective assistance claim based on his trial counsel's failure to obtain the check is deemed procedurally barred. A procedurally barred *habeas* claim cannot be heard by a federal reviewing court "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. De Cicco offers no facts or arguments in support of a finding of cause for the default or actual prejudice. Furthemore, he has not established the threat of a fundamental miscarriage of justice should the court not adjudicate his *habeas* petition. Accordingly, the court adopts the recommendation by Judge Treece that De Cicco's claim that his trial counsel was ineffective for failing to obtain a check purportedly written to De Cicco by the victim's father be denied as

6

procedurally defaulted.[5]

De Cicco next argues that his trial counsel was ineffective for failing to file a notice of alibi or adequately pursue an alibi defense. (Dkt. No. 35.) This claim was considered by the Third Department on direct appeal and found to be "without merit." *People v. DeCicco*, 38 A.D. 3d 937, 938 (3d Dep't. 2007).

Where a state court claim is adjudicated on the merits, a federal court shall not grant an application for a writ of *habeas corpus* unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Torres v. Berbary*, 340 F.3d 63, 67-68 (2d Cir. 2003) (citing 28 U.S.C. § 2254(d)). It is well settled that to establish a claim for ineffective assistance of counsel, a petitioner must show that: (1) counsel's "representation fell below an objective

---

[5] De Cicco additionally appears to raise a new ineffective assistance of counsel claim in his objections by alleging that his trial counsel failed to introduce into evidence the victim's work schedule for July 29, 2003. (Dkt. No. 35 at 6.) This is the first time, however, that De Cicco has raised this argument, and as such, that claim is also dismissed as procedurally defaulted.

7

standard of reasonableness"; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bell v. Cone*, 535 U.S. 685, 695 (2002) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). There is a strong presumption of reasonableness, and a defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citation omitted).

At De Cicco's arraignment, his initial trial counsel successfully requested a tolling of the notice of alibi deadline until a discrepancy relating to the date of the incident could be resolved. (Dkt. No. 32 at 18.) While De Cicco argues that his subsequent attorney, Stuart Borrero, Esq., failed to obtain records from his cell phone carrier that could be used as alibi evidence, Borrero did, in fact, notify the court of De Cicco's desire to obtain such records. (*Id.* at 19.) When the court questioned the utility of the documents, however, Borrero admitted that the records would be used to impeach the credibility of the victim, not as alibi evidence. (*Id.*) The same admission was later made by De Cicco's appellate counsel. (*Id.*) De Cicco also claims that his counsel was ineffective for failing to present Randy

8

Cook, a fellow inmate, as an alibi witness. (Dkt. No. 35.) Borrero told the court, however, that based upon conversations with De Cicco, he had reservations about presenting Cook as an alibi witness. (Dkt. No. 32 at 18.)

It is "generally acknowledged that an attempt to create a false alibi constitutes evidence of the defendant's consciousness of guilt," *Henry v. Poole*, 409 F.3d 48, 65 (2d Cir. 2005) (quotation marks and citation omitted). Because Borrero could have reasonably decided that to call Randy Cook as an alibi witness would risk De Cicco's credibility in the eyes of the jury, his representation did not fall below an objective standard of reasonableness. Accordingly, the state court's decision was not contrary to, nor did it involve an unreasonable application of, the Supreme Court's clearly established ineffective assistance of counsel case law. As such, the court adopts Judge Treece's recommendation that De Cicco's claim that his trial counsel was ineffective for failing to pursue an alibi defense be denied.

The remainder of Judge Treece's R&R is devoid of clear error, and as such, is adopted in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Treece's December 22, 2010 Report-Recommendation (Dkt. No. 32) is **ADOPTED** in its entirety; and it is further

**ORDERED** that De Cicco's Petition for a Writ of *Habeas Corpus* (Dkt. No. 1.) is **DENIED**; and it is further

**ORDERED** that because De Cicco has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability is issued with respect to any of De Cicco's claims; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 3, 2011
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge